## WILLIS FIELD *v.* AMBROSE YOUNG ET AL.

**Trusts—Jurisdiction of Circuit Court.**

A circuit court has jurisdiction to effectuate a trust by the sale of land to relieve it of encumbrance and to reinvest the surplus for the beneficiaries.

**Same—Mode and Time of Sale—Discretion of the Court—Consent of Infants.**

No other law than the deed of trust and the sound discretion of the court prescribes the mode or time of sale. The court has the power to make a sale without the consent of the infant beneficiaries.

**Deed of Trust—Grantor's Capacity—Purchaser at Decretal Sale Secure—Impeachment.**

When the evidence preponderates in favor of the grantor's capacity, and there is no implication of fraud or improper influence and the court having so adjudged, the purchaser will be secure against any probable impeachment of the deed hereafter.

APPEAL FROM WOODFORD CIRCUIT COURT.

September 20, 1867.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The Circuit Court had jurisdiction to effectuate the trust by a sale of the land to relieve it of encumbrances, and to reinvest the surplus for the use of the beneficiaries. And no other law than the deed itself, and the sound discretion of the court, prescribed the mode or time of sale. The mode and time adopted by the decree of sale seem to have been reasonable and proper, and were not illegal. The sale itself seems to have been fair to all parties,

and to have been substantially conformable with the order of sale.

The proceeding was not under statutory authority for the benefit of infants. The court had power to make the sale, without the consent of the *infant* beneficiaries, but they were parties, and will be *concluded.*

The evidence, intrinsic and extrinsic, preponderates in favor of the grantor's capacity; and there is no implication or fraud or improper influence, and the court, having so adjudged, the purchaser will be secure against any probable impeachment of the deed hereafter.

Nor do we consider any other exception to the sale to be available.

Wherefore, the judgment overruling all the exceptions and confirming the sale is approved and affirmed.

*McLeod, for appellant.*

*Kinkead & Buckner, Porter & Greathouse, for appellee.*